JULIA NIEVES DE VÉLEZ ET AL., Plaintiffs and Appellants *v.* LUCAS VÉLEZ NIEVES ET AL., Defendants and Appellees.

No. 8890. Argued May 5, 1944.—Decided November 9, 1944.

134

*Fernández García & Fernández Méndez* and *Juan A. Faría* for appellants. *Enrique Báez García* for appellees Lucas and Fernanda Vélez Nieves and Francisca Irizarry de Vélez. *Jesús A. González, Acting Attorney General,* for the Executive Secretary of Puerto Rico.

Mr. Justice de Jesús delivered the opinion of the court.

In the complaint herein there was an attempt to set up two causes of action: the first one in the name of Julia Nieves and her daughter Carmen Lydia Vélez, and the second one in the name of Mueblería Los Novios Incorporated.

In the first cause of action Juan Vélez is joined as a party defendant because he refused to appear as plaintiff. It is essentially alleged that Reinaldo, Lucas, and Juan Vélez had done business under the firm name of Reinaldo Vélez & Co., using the trade-name Mueblería Los Novios in all its printed matter as well as in its branches established in different towns of the Island and in all the vehicles belonging to the enterprise; that in March 1940 there was organized under the laws of Puerto Rico, the corporation Mueblería Los Novios Incorporated, whose only shareholders, Reinaldo, Lucas, and

Juan Vélez, sold to the corporation the business they had under the firm name of Reinaldo Vélez & Co., in connection with which they used the trade-name Mueblería Los Novios; that on August 11, 1940, Reinaldo Vélez died and his shares of stock in the corporation passed to his widow, Julia Nieves, and their daughter Carmen Lydia Vélez; and that on June 1943, Julia Nieves purchased from defendant Lucas Vélez all his shares in the corporation, which was dissolved on August 5, 1943. The plaintiffs further allege that the corporation is still doing business in the same fashion and in the same places where it has always done it[1]; that the corporation has accounts to collect amounting to about sixty thousand dollars, and deposits in the banks amounting to thousands of dollars; that during all the time it has been doing business, the corporation has been using uninterruptedly, and still uses, the trade-name "Los Novios," which has acquired a commercial value within and outside the Island of Puerto Rico, especially in those towns of Puerto Rico where it has its branches established and in the United States; that on September 13, 1943, defendants Lucas Vélez, Francisca Irizarry de Vélez, and Fernanda Vélez, with the purpose of causing prejudice to the plaintiffs, filed in the office of the Executive Secretary of Puerto Rico articles of incorporation of a domestic corporation under the name of Mueblería Los Novios Incorporated, the object of which was to engage in the purchase and sale of furniture in the Island of Puerto Rico, which is the same kind of business in which the former corporation Mueblería Los Novios Incorporated was and is actually engaged[2], thus using illegally the name of the first corporation and the trade-name "Los Novios" which, as alleged by the plaintiffs, is owned by the

---

[1] We must presume that when the plaintiffs allege that the corporation si still doing business they refer to its liquidation and termination, and not to the commencement of new business, inasmuch as it is expressly prohibited by § 27 of the Law of Corporations.

[2] See footnote (1), *supra*.

stockholders of the corporation now under liquidation; that plaintiffs Julia Nieves and Carmen Lydia Vélez intend to continue doing the same business as the first corporation did and is doing, under the same circumstances, and in the same places where it is being actually done; that if the second corporation is permitted to do business in Puerto Rico, the customers of the first corporation might be led to error, especially in making their payments; that it would seriously affect the credit of the first corporation, and lastly, that it will permit the defendants Lucas Vélez, Francisca Irizarry, and Fernanda Vélez to illegally appropriate the trade-name "Los Novios" which would result in unfair competition and deceit to the public.

Plaintiffs Julio Nieves and Carmen Lydia Vélez finally alleged that it would be impossible to determine exactly the damages that they would sustain, and that they lack a plain, speedy, and adequate remedy in the ordinary course of law.

The second cause of action set up in the name of the first corporation Mueblería Los Novios Incorporated, substantially contains the same allegations as the first cause of action, and the complaint concludes with the prayer, applicable to both causes of action, that a permanent writ of injunction be issued directed against defendants Lucas Vélez, Francisca Irizarry, and Fernanda Vélez, ordering them to refrain from doing business, either through themselves or through any other person, under the name of Mueblería Los Novios Incorporated; and that another injunction be directed to defendant E. D. Brown, in his capacity as Executive Secretary of Puerto Rico, ordering him to refrain from issuing, by himself, or through any of his employees, a certificate of registration of the second corporation under the name of Mueblería Los Novios Incorporated, and that while the writs of permanent injunction are pending, that preliminary writs be issued containing the same prohibitions.

Defendants Lucas Vélez, Francisca Irizarry, and Fernanda Vélez filed their answer to this complaint, wherein as matter of defense they alleged:

1. That Julia Nieves and Carmen Lydia Vélez lack legal capacity to claim for themselves the name of Mueblería Los Novios Incorporated, which belongs exclusively to the dissolved corporation, and that the latter lost the right to use said name Mueblería Los Novios Incorporated because upon filing its petition for dissolution it failed to specifically save its right to the corporate name;

2. That the dissolved corporation has no legal capacity to sue or be sued in connection with the continuation of its business;

3. That the petition for injunction does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants; and

4. That there exists a nonjoinder of parties defendants for failure to join the new corporation, which is a real party in interest and has legal capacity independently of the stockholders.

Upon deciding the questions involved, the lower court rendered judgment wherein it sustained the demurrer interposed as to the first cause of action because, in its opinion, the stockholders had no legal capacity to claim for themselves the name of the corporation; it sustained the objection of nonjoinder of parties defendants on the ground that, in its opinion, the new corporation should have been joined, and overruled the demurrer as to the second cause of action because the corporation in liquidation had legal capacity to defend its interests. It granted the plaintiffs a period of ten days within which to amend the complaint. The plaintiffs refused to amend it and asked the final judgment be entered, in order to take the present appeal, and thereupon the court rendered judgment dismissing the complaint with costs.

■ It appearing on the face of the complaint that the trade-name "Los Novios" belongs to the corporation in liquidation and that the latter has claimed it and has exercised its right to prevent any other corporation from being organized under that same name until it has been finally liquidated, it is obvious that the stockholders can not claim such rights inasmuch as they are persons distinct from the legal entity Mueblería Los Novios Incorporated. It is true that it is alleged in the complaint that the corporation has been dissolved, but it also appears therefrom that the corporation is in liquidation. This being so, it keeps its legal capacity to defend its property, of which the trade-name forms part and to prevent, while its liquidation is pending, any other corporation from being registered under the same name. Sections 7(1) and 27, Law of Corporations. The law does not require that in order to prevent another corporation from registering the same name, while the liquidation of the former corporation is pending, any special reservation as to its name should be made in the petition for dissolution.

■ The alleged new corporation has not acquired, according to the complaint, legal capacity to sue or be sued, because pursuant to § 8 of the Corporation Law, in order that a corporation should acquire legal capacity it is not enough to file its articles of incorporation in the office of the Secretary of Puerto Rico and to pay the fees provided by law; it is indispensable that the Executive Secretary should certify, under his seal, that the said articles containing the statements required by § 7 have been filed in his office. In the present case it is evident from the complaint that such certificate has not been issued. It is precisely to prevent the issuance thereof that the writ of injunction against the Executive Secretary has been sought. Since the alleged new corporation has not acquired corporate existence, it can not be joined as a party defendant; but as defendants Lucas Vélez, Francisca Irizarry, and Fernanda Vélez are trying to obtain the certificate of incorporation, they are the ones who

should be sued to enjoin them from so doing. The order of the court is correct in so far as it sustained the first cause of action. It is likewise correct in so far as it held that the corporation in liquidation has a cause of action to enjoin the alleged new corporation from obtaining corporate existence and thus from using the trade-name and the name of the former corporation; but the lower court erred in deciding that there was a nonjoinder of parties because the alleged new corporation had not been sued, for as we have seen the latter has not yet acquired corporate existence.

For the reasons stated the judgment appealed from must be reversed and the case remanded to the lower court in order that the plaintiffs be given another opportunity to amend their complaint in accordance with the terms of this opinion.